WHITE *v.* NEW AMSTERDAM CASUALTY COMPANY.

4-4873

Opinion delivered December 20, 1937.

*G. B. Segraves,* for appellant.

*King, Taylor & King,* for appellee.

HUMPHREYS, J. Appellant was duly appointed guardian by the probate court of Mississippi county for his two sons, John Binford White and Moreland Boyd White, and filed a bond in the penal sum of $26,000 with the Union Indemnity Company as surety. His sons inherited additional property and it became necessary for the guardian to increase his bond in the additional sum of $100,-000, but the surety on the first bond had withdrawn from the state of Arkansas, so in order to secure sufficient new indemnity the guardian made a report of his administration of his trust on October 19, 1932. The probate court

approved the report and settlement made by him and discharged the Union Indemnity Company as surety on the bond. He then executed a bond in the penal sum of $126,000 with the New Amsterdam Casualty Company as surety which bond was approved by the court. He agreed to pay the New Amsterdam Casualty Company an annual premium of $364. In addition to the payment of the premium the guardian agreed with the bonding company and the bonding company required the guardian to place all the securities covered by the trust in a safety deposit vault in the city of Memphis, Tennessee, which was to be and is under the joint control of the guardian and the manager of the branch office of the bonding company of said city.

This arrangement necessitated a trip by the guardian from Osceola, where he lived, to Memphis to get and collect maturing securities and to clip matured interest coupons from them as they matured. The guardian requested the bonding company to permit the securities to be transferred and kept in a safety deposit box in Osceola, Arkansas, and it refused to grant the request as long as it remained a surety on the $126,000 guardian's bond. In order to obviate the time and expense of these trips to Memphis and to save the annual premium he had to pay for the bond, and to get the penalty in the bond reduced from $126,000 to $75,000, the guardian filed a report of his administration of the trust showing that a substantial amount of the estate had been invested in real estate and that a $75,000 bond would be ample security, and at the same time filed a petition requesting that he be permitted to substitute a bond in the penal sum of $75,000 with Aubrey Conway and G. L. Williams as surety in lieu of the $126,000 bond he had theretofore filed with the New Amsterdam Casualty Company as surety. He alleged in the petition that the individuals on the new bond had agreed to sign and bind themselves as surety without compensation, and incorporated in said petition the facts set out above.

The probate court approved the report and settlement of the guardian up to December 1, 1935, and granted the prayer of the guardian's petition. The judgment ren-

dered by the probate court on the petition and under the evidence is, in substance, as follows:

"That the penalty in the guardian's bond be, and the same is, hereby reduced to the sum of $75,000; that the $75,000 guardian's bond, with Aubrey Conway and J. L. Williams as sureties, be, and the same is, hereby approved, and said bond is effective as of the first day of January, 1936. That the New Amsterdam Casualty Company be, and it is, hereby ordered and directed to deliver to the guardian all of the securities under its joint control; that upon delivery to the guardian by the New Amsterdam Casualty Company, of all securities now in the lock box in Memphis, Tennessee, under joint control, that the $126,000 bond be, and the same is, hereby cancelled and forever for naught held, and the New Amsterdam Casualty Company shall be released from all liability under said bond, as of the 31st day of December, 1935."

The appellee herein duly appealed from the judgment of the probate court to the circuit court where the case was heard, resulting in the following finding and judgment. The circuit court found that the guardian's petition does not state a statutory ground for the substitution for the new guardian's bond; that the probate court has only the power given it by the statute; and that it erred in its order approving the substitution of the guardian's bond, and releasing the New Amsterdam Casualty Company, as surety, from liability under the original bond; that the guardian's petition should be dismissed. In accordance with the findings, the circuit court rendered the following judgment. "That the petition of Godfrey L. White, guardian of John Binford White and Moreland Boyd White, for the substitution of the new guardian's bond be, and the same is, hereby dismissed."

The guardian has duly prosecuted an appeal from the judgment of the circuit court to this court.

Section 6242 of Pope's Digest provides that guardians or curators appointed to administer the estate of their wards shall give bond with security to be approved by the court to the state of Arkansas for the use and benefit of the minors respectively double the value of the

estate or interest to be administered conditioned for the faithful discharge of their duties according to law, and further provides that the probate court shall have power to order such guardians or curators to give supplemental security or a new bond with sufficient security, for the same causes, and the same manner and with like effect as authorized by law in case of administrators. We find nothing in the statutes authorizing probate courts on the application of an administrator, to substitute new bonds as sureties for old bonds and sureties which have theretofore been approved and accepted by the probate court. Such authority is not found in §§ 31 and 34 of Pope's Digest. Appellant admits that his petition does not contain any of the reasons contained in those sections whereby the court may require the administrator to give new bonds or to furnish new securities, but asserts the probate court had authority to do so independent of the statutes if it is for the best interest of the estate. Appellant has cited no cases directly in point in support of his contention. We think that any order made by the probate court discharging the New Amsterdam Casualty Company as surety of the guardian for any other reason than one or more of the reasons provided by §§ 31 and 34 of Pope's Digest would not have the effect of relieving it of responsibility on its bond. In other words, in order to be relieved from the old bond a new bond must be executed in accordance with said sections and for the reasons therein contained. Our conclusion does not mean that the probate court could not reduce the penalty in the old bond if the facts should reflect that the assets of the estate had been reduced in value, nor to mean that the probate court could not order a guardian to bring and safely keep the assets of the estate within its jurisdiction.

No error appearing, the judgment of the circuit court is affirmed.